**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| **Juan Moreno Sam,**<br>**Petitioner,**<br>**v.**<br>**David Wesling, et al.,**<br>**Respondents.** | **Civil Action No. 26-14325-NMG** |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises from the petition for writ of habeas corpus (Docket No. 1) of petitioner Juan Moreno Sam ("Moreno Sam" or "petitioner"). Moreno Sam asserts that his arrest and detention by David Wesling and the other named respondents ("respondents") violate his statutory, regulatory, and due process rights as a non-citizen and seeks immediate release from custody.

Petitioner, a citizen of Guatemala, avers that he was arrested by Immigration and Customs Enforcement ("ICE") officers in New Bedford, Massachusetts, on or about September 22, 2026. He claims that the ICE officers presented no warrant, gave no explanation for his arrest and made no inquiry into whether he was likely to escape before a warrant could be obtained.

Respondents do not address the circumstances of petitioner's arrest. Rather, they maintain that he is subject to a final order of removal and that, as a result, his current detention is mandatory and the Court lacks jurisdiction to enjoin the execution of that order. See 8 U.S.C. §1252(g)("[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to . . . execute removal orders against any alien"); 8 U.S.C. §1231(a)(2)(A)("During the removal period, the Attorney General shall detain the alien").

Respondents' submissions demonstrate that petitioner was ordered removed under 8 U.S.C. §1225(b)(1) on April 2, 2016, and then was removed from the country on April 7, 2016. Petitioner re-entered the country on or about May 8, 2016, whereupon the previous order for removal was reinstated, and he was removed again on May 13, 2016. Petitioner re-entered the country a third time on an unknown date thereafter. On September 22, 2026, the date of petitioner's arrest, ICE reinstated the 2016 order of removal and contemporaneously issued a warrant for his removal.

Regardless of whether the initial stop and arrest of petitioner was lawful, in light of the above, the Court concludes that the relief sought by petitioner is unavailable under the circumstances of this case.

It is well settled that habeas relief extends to petitioners who are

> in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. §2241(c)(3). Here, it is undisputed that Moreno Sam's prior removal order was reinstated on the day of his arrest, thereby requiring ICE to detain him pursuant to 8 U.S.C. §1231(a)(2)(A). Thus, even if the Court were to assume, without deciding, that the stop and arrest were unlawful, petitioner has not established that his current detention violates the Constitution or governing law. Cf. INS v. Lopez-Mendoza, 468 U.S. 1032, 1039 (1984) (explaining that the identity of a detainee "is never itself suppressible as a fruit of an unlawful arrest," even when it is conceded that an unlawful arrest occurred). Furthermore, because the petition fails on the merits, the Court need not address respondents' contention that 8 U.S.C. §1252(g) deprives it of jurisdiction.

**ORDER**

For the foregoing reasons, the petition for writ of habeas corpus (Docket No. 1) is **DENIED**.

Nathaniel M. Gorton
Nathaniel M. Gorton
Senior United States District Judge

Dated: October 8 , 2026